# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1908
Lower Tribunal Nos. F18-18896, F18-22274, F19-4950, F19-4951, F19-4952, F19-4953, F19-5181, F19-7351 and F19-13087

_____

**Bill Stroud,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Diana Vizcaino, Judge.

Bill Stroud, in proper person.

Ashley Moody, Attorney General, for appellee.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

FERNANDEZ, C.J.

Bill Stroud appeals the trial court's order denying his motion for jail credit pursuant to Florida Rule of Criminal Procedure 3.801. Stroud alleges that in case number F19-13087, he was taken into custody while in jail and arraigned on April 22, 2019. On July 26, 2021, Stroud pled guilty to several cases, including F19-2019, and received a concurrent sentence of five (5) years in state prison followed by five (5) years of reporting probation with all credit for time served on each case. There were a total of nine (9) cases, and Stroud was sentenced in each of the nine cases with different periods of credit for time served in each case. Stroud alleges that he should have received credit for 823 days in F19-2019, but instead received credit for only 753 days. Stroud does not challenge jail credit in the remaining cases.

In its order denying the motion for jail credit, the trial court noted the Stroud's "[m]otion does not allege any illegalities in sentence," that the "[r]ecord on its face reflects sentences are to run concurrent but not coterminous," and that the "[m]otion does not allege sentence exceeds the statutory maximum." All are correct statements; however, none of the statements address the appellant's claim, that is, that he did not receive the amount of jail credit on F19-2019 to which he was entitled. We therefore reverse and remand for the trial court to consider and rule on the appellant's motion for jail credit. See Utria v. State, 305 So. 3d 17 (Fla. 3d DCA 2019).

Reversed and remanded for further proceedings.